■ In the Matter of MICHAEL D'ANGELO, Respondent, v HARLAN HARTMAN et al., Constituting the Zoning Board of Appeals of the Town of Parma, Appellants.—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner is the owner of vacant land consisting of approximately 150 acres located on the north side of Ogden Parma Townline Road in the Town of Parma. Petitioner seeks to develop approximately 40 residential lots on that portion of his property that is zoned R-1-1 Residential (Residential Property). The Residential Property adjoins petitioner's Commercial Property which fronts on Ridge Road West and is zoned GB-1 (Commercial Property). Access to the Residential Property from Ogden Parma Town Line Road is over a 50-foot wide right-of-way that petitioner owns. Since 1963, however, section 33-8 (C) of the Town of Parma Zoning Ordinance requires that all public streets dedicated to the Town have a minimum width of 60 feet. Petitioner purchased the Residential Property and the Commercial Property in 1986 and it is undisputed that at that time he was aware of the Town's minimum width requirement for public streets proposed for dedication to the Town. Petitioner applied for an area variance from the street width requirement. Respondents denied the application following a public hearing. Respondents, at petitioner's request, granted petitioner a rehearing on his application. Following the rehearing, petitioner's application for an area variance was denied. Petitioner thereafter commenced this CPLR article 78 proceeding asserting that respondents' determination was arbitrary and capricious and constituted an abuse of discretion. Supreme Court granted the petition and directed issuance of the area variance. That was error and we reverse.

It is well established that local zoning boards have discretion in considering applications for variances and that a reviewing court's function is a limited one *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444). "A zoning board determination should not be set aside unless there is a showing of illegality, arbitrariness or abuse of discretion" *(Matter of Fuhst v Foley, supra,* at 444; *see also, Matter of Cowan v Kern,* 41 NY2d 591, 599). Petitioner sought an area variance from

the minimum street width requirement, and therefore, he was required to demonstrate that "strict compliance with the zoning ordinance will result in practical difficulties" *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). An applicant shows practical difficulties when he demonstrates "that strict enforcement of the ordinance will cause him a significant economic injury because, as a practical matter, it will not allow him to utilize his property" *(Sanzone v City of Rome,* 170 AD2d 977, 978, *lv dismissed* 77 NY2d 988).

Here, the evidence demonstrates that petitioner failed to establish that denial of the variance would result in either significant economic hardship or practical difficulties. No basis for a variance exists where an applicant shows merely that a more economical improvement could be built if a variance were granted *(see,* 2 Anderson, New York Zoning Law and Practice § 18.38 [2d ed]; *Matter of Cowan v Kern, supra,* at 596-597).

Furthermore, petitioner had knowledge of the street width requirement at the time he purchased the property. Thus, petitioner's hardship was self-created and that circumstance, while not determinative, is a significant factor militating against the grant of the variance *(see, Matter of Hansen v Zoning Bd. of Appeals,* 158 AD2d 689, 690; *Matter of Graziano v Scalfani,* 143 AD2d 664, 666). Consequently, we conclude that respondents' determination had a rational basis, was not arbitrary and capricious and did not constitute an abuse of discretion *(see, Matter of Fuhst v Foley, supra,* at 444). (Appeal from Judgment of Supreme Court, Monroe County, Siracuse, J.—Article 78.) Present—Callahan, J. P., Green, Pine, Boehm and Davis, JJ.