■ In the Matter of MARVIN ROTHENBERG et al., Appellants, v BOARD OF ZONING APPEALS OF THE TOWN OF SMITHTOWN et al., Respondents. [648 NYS2d 679] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Smithtown dated March 15, 1995, *inter alia,* denying the petitioners' application for a use variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated November 29, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, that branch of the petition which is to annul so much of the determination as denied the petitioners' application for a use variance is granted, and the matter is remitted to the Board of Zoning Appeals of the Town of Smithtown for further proceedings in accordance herewith on the petitioners' application for area variances.

During the hearing on their application for a use variance and area variances for their 1.9062 acre parcel of undeveloped land located on the northwest corner of the intersection of Routes 25 and 347 in Smithtown, the petitioners offered testimony by a real estate appraiser and engineer who explained that the subject property was unsuitable for development as presently zoned. This parcel, which had a value of about $10,000 in 1955 and was zoned "Business B" when it was originally purchased, was subsequently rezoned WSI (warehouse service industry). The owners refrained from selling or developing the property because the State indicated that it

intended to condemn the property. After more than a decade, the State rescinded its plans and the owners undertook to develop the property for commercial purposes. However, the Town enacted a building moratorium, and when the moratorium was lifted, the Town rezoned the property "R-10" residential. Under this zoning, the owners were limited to certain uses, including the development of one-family dwellings. The petitioner's witnesses testified that because of the limited size of the parcel and its location on a major intersection, such development was not feasible.

Town Law § 267-b (2) (b) provides that a use variance shall not be granted unless the Zoning Board of Appeals determines "(1) the applicant cannot realize a reasonable return, provided that lack of return is substantial as demonstrated by competent financial evidence; (2) that the alleged hardship relating to the property in question is unique, and does not apply to a substantial portion of the district or neighborhood; (3) that the requested use variance, if granted, will not alter the essential character of the neighborhood; and (4) that the alleged hardship has not been self-created". The Board of Zoning Appeals of the Town of Smithtown (hereinafter the Board) determined that the petitioners failed to establish that they could not realize a reasonable return on the property if developed residentially and denied the application for the use variance. The Board made no determination on the application for the area variance on the ground that the application was moot in light of the denial of the use variance.

To annul an administrative determination made after a hearing, the court must conclude that the determination is not supported by substantial evidence on the record when read as a whole (see, Matter of Lahey v Kelly, 71 NY2d 135). We disagree with the Supreme Court's conclusion, reverse, and grant the branch of the petition which was to annul the Board's determination denying the application for a use variance.

The Board incorrectly determined that the owners could realize a "reasonable return" (Town Law § 267-b [2] [b] [1]) on the property. The Board found that the property could be subdivided into three residential parcels allowing the owners to realize a reasonable return on their investment. However, the Board understated the petitioners' cost basis in the property, failed to account for the present value of the petitioner's investment, and computed the return on the property using construction costs and potential sale prices which lack any basis in the record. In contrast, the petitioners' witness testified to the costs of subdividing the lot, including grading the

land and installation of utility services, revealing that the net proceeds of the sale would fall drastically short of the initial investment. Considering the evidence, along with the other possible uses of the property, we find that the owners could not make any use of the property, as presently zoned, which would afford a "reasonable return" on their investment. We note that the use variance would not change the essential character of the neighborhood which, although zoned 30% commercial, is in fact largely commercial within the vicinity of the subject parcel. Further, the hardship is unique, as this is the only parcel located on a major intersection within this commercialized area which is undeveloped and zoned residential. Finally, the hardship was not self-created, as the property was purchased as commercial property and was not developed because of a proposed condemnation by the State and a building moratorium imposed by the Town of Smithtown prior to the rezoning. Accordingly, the petitioners are entitled to a use variance.

Since the Board did not reach the issue of whether an area variance should be granted, we remit the matter to that Board for further proceedings on that issue. Copertino, J. P., Goldstein, McGinity and Luciano, JJ., concur.