■ In the Matter of VILLAGE OF HONEOYE FALLS, Respondent, v TOWN OF MENDON ZONING BOARD OF APPEALS et al., Appellants. ROCHESTER TELEPHONE MOBILE COMMUNICATIONS, Intervenor-Appellant. In the Matter of SYCAMORE RUN, INC., et

al., Respondents, v CARL FOSS et al., Constituting the Town of Mendon Zoning Board of Appeals, et al., Appellants. ROCHESTER TELEPHONE MOBILE COMMUNICATIONS, Intervenor-Appellant. [654 NYS2d 534] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Respondents, Town of Mendon Zoning Board of Appeals (ZBA) and Town of Mendon Planning Board (Planning Board), and intervenor appeal from a judgment of Supreme Court that annulled the determinations of the municipal respondents to grant site plan approval and a conditional use permit for the construction of a cellular telephone "silo". The court held that there was no basis in the record for a permit for construction of a silo on any of the four sites and that the ZBA abused its discretion in granting a conditional use permit for the construction of a silo at the "Swart" site. We disagree.

It is well settled that a determination of a Zoning Board of Appeals should not be set aside unless illegal, arbitrary or an abuse of discretion (*see, Matter of Fuhst v Foley*, 45 NY2d 441, 444-445; *Matter of D'Angelo v Hartman*, 187 AD2d 927). "If a decision is rational and is supported by substantial evidence, a reviewing court may not substitute its judgment for that of a zoning board of appeals even if an opposite conclusion might logically be drawn" (Rice, Practice Commentaries, McKinney's Cons Laws of NY, Book 63, Village Law § 7-712-c, at 461; *see, Matter of Cowan v Kern*, 41 NY2d 591, 598, *rearg denied* 42 NY2d 910; *Matter of Geampa v Walck* [appeal No. 2], 222 AD2d 1072). The issue before the court was whether the ultimate determination to grant approval for the construction of a silo at the "Swart site" is rational and supported by substantial evidence. The ZBA concluded that the use of the silo mitigated a significant impact, namely the visual impact of a 150-foot monopole, and that the silo was in keeping with the rural/agricultural nature of the area. Those conclusions are supported by the record and provide ample support for the ZBA's determination. Additionally, the Planning Board's conclusion that "[e]nvironmental impacts are * * * equally insignificant for all three sites" is supported by the record. (Appeals from Judgment of Supreme Court, Monroe County, Bergin, J.— CPLR art 78.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.