■ In the Matter of PATRICK J. WELSH et al., Appellants, v TOWN OF AMHERST ZONING BOARD OF APPEALS et al., Respondents. [706 NYS2d 281] —Judgment unanimously affirmed without costs. Memorandum: Petitioners appeal from a judgment that confirmed the determination of respondent Town of Amherst Zoning Board of Appeals (ZBA) granting a use variance to permit use of an 11.1+ acre parcel of land located in a suburban-agricultural district as a 100-unit senior citizen housing complex. We reject the contention of petitioners that the granting of the use variance did not comport with the requirements of Town Law § 267-b and that the ZBA failed to make adequate findings. Where, as here, the determination of the ZBA has a rational basis and is supported by substantial evidence, it is entitled to great deference and must be sustained (see, Matter of Farrell v Johnson, 266 AD2d 873; Matter of Village of Honeoye Falls v Town of Mendon Zoning Bd. of Appeals, 237 AD2d 929). "[T]he record * * * disclose[s] concrete proof that the landowner could not realize a reasonable return without the [use variance]" (Matter of Village Bd. v Jarrold, 53 NY2d 254, 259; see, Town Law § 267-b [2] [b] [1]; Matter of Geampa v Walck [appeal No. 2], 222 AD2d 1072; cf., Matter of Conte v Town of Norfolk Zoning Bd. of Appeals, 261 AD2d 734,

736). The record further establishes that the hardship is due to unique characteristics of the property (*see,* Town Law § 267-b [2] [b] [2]), including, *inter alia,* two separate areas of wetlands (*cf., Matter of Amco Dev. v Zoning Bd. of Appeals,* 185 AD2d 637, 638) and its location at a major intersection (*see, Matter of Rothenberg v Board of Zoning Appeals,* 232 AD2d 568, 570); that the proposed use will not alter the essential character of the locality (*see,* Town Law § 267-b [2] [b] [3]; *Matter of Douglaston Civic Assn. v Klein,* 51 NY2d 963, 965); and that the hardship was not self-created (*see,* Town Law § 267-b [2] [b] [4]; *cf., Matter of Ferruggia v Zoning Bd. of Appeals,* 233 AD2d 505, 507). We further reject the contention of petitioners that the ZBA did not grant the minimum variance necessary to address the hardship (*see,* Town Law § 267-b [2] [c]; *cf., Matter of Foster v Saylor,* 85 AD2d 876, 878).

Petitioners also contend that the ZBA's determination violates the requirements of the State Environmental Quality Review Act (ECL art 8; *see,* 6 NYCRR part 617). We disagree. The ZBA properly identified the relevant areas of environmental concern, took the requisite hard look at those areas of concern and made a reasoned elaboration of the basis for its findings (*see, Akpan v Koch,* 75 NY2d 561, 570; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417). Although the ZBA should not have approved the use variance until after issuing a negative declaration, the subsequent filing of the negative declaration and the re-vote affirming the granting of the use variance based on the evidence presented before and during the public hearing effectively cured the procedural error (*see, Matter of Golden Triangle Assocs. v Town Bd.,* 185 AD2d 617, 617-618). (Appeal from Judgment of Supreme Court, Erie County, Doyle, J., for Mintz, J., pursuant to CPLR 9002—CPLR art 78.) Present—Green, J. P., Hayes, Hurlbutt and Lawton, JJ.