■ In the Matter of CLINTON LLOYD et al., Appellants, v TOWN OF GREECE ZONING BOARD OF APPEALS et al., Respondents, and AT&T WIRELESS SERVICES, INC., Intervenor-Respondent. (Appeal No. 2.) [739 NYS2d 302] —Appeal from an order of Supreme Court, Monroe County (Galloway, J.), entered October 9, 2001, which settled the record on appeal.

■ In the Matter of CLINTON LLOYD et al., Appellants, v TOWN OF GREECE ZONING BOARD OF APPEALS et al., Respondents, and AT&T WIRELESS SERVICES, INC., Intervenor-Respondent. (Appeal No. 1.) [739 NYS2d 303] —Appeal from a judgment of Supreme Court, Monroe County (Galloway, J.), entered September 14, 2000, which, inter alia, dismissed the CPLR article 78 petition seeking to annul the determination of respondent Town of Greece Zoning Board of Appeals.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondent Town of Greece Zoning Board of Appeals (ZBA) granting an area variance and a special permit for the construction of a telecommunications tower in the Town of Greece. Respondent Divine Tower International Corp. (Divine), as agent for respondent AT&T Wireless Services, Inc. (AT&T), applied to the ZBA for site plan approval, proposing to construct a 135-foot-high cell tower disguised as a flagpole, with two adjacent flag poles to serve as co-locators and an equipment shelter measuring 12 feet by 20 feet. Petitioners own commercial property bordering the proposed site.

Supreme Court properly confirmed the determination. Initially, we note that we have considered petitioners' unsworn memorandum of law only insofar as it is relevant to determine that petitioners' contention concerning the State Environmental Quality Review Act ([SEQRA] ECL art 8) is preserved for our review (*cf.*, *Zawatski v Cheektowaga-Maryvale Union Free School Dist.*, 261 AD2d 860, *lv denied* 94 NY2d 754). We thus

modify the order in appeal No. 2 by granting petitioners' motion in part and providing that petitioners' memorandum of law dated June 22, 2000 is included in the record on appeal for the purpose of determining preservation only. We conclude that, in issuing a negative declaration under SEQRA, the ZBA properly identified the relevant areas of environmental concern, took the requisite hard look at those areas of concern and made a reasoned elaboration of the basis for its determination (*see, Matter of Kahn v Pasnik,* 90 NY2d 569, 574).

We further conclude that the ZBA's determination to issue an area variance and a special permit has a rational basis and is supported by substantial evidence (*see, Matter of Welsh v Town of Amherst Zoning Bd. of Appeals,* 270 AD2d 844; *Matter of Farrell v Johnson,* 266 AD2d 873). As a public utility, AT&T qualifies for the diminished standard of review for its area variance application (*see, Matter of Cellular Tel. Co. v Rosenberg,* 82 NY2d 364, 371-372). AT&T's license with the Federal Communications Commission mandates that AT&T provide cellular service throughout New York (*see generally,* Public Service Law § 91 [1]), and the proposed site fills gaps in the grid and presents a minimal intrusion into the community. Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Lawton, JJ.