■ In the Matter of WILLIAM MAY et al., Appellants, v TOWN OF LAFAYETTE ZONING BOARD OF APPEALS et al., Respondents. [843 NYS2d 747]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered June 12, 2006 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul that part of the determination of respondent Town of Lafayette Zoning Board of Appeals (ZBA) conditioning its approval of the application of petitioners for a "Specific Permit" (hereafter, permit) to use their property as a camp on their removal of a 38-foot travel trailer from their property. Supreme Court determined that the ZBA's determination, made after a lengthy public hearing, was rational and dismissed the petition. We affirm.

The scope of the court's review of the ZBA's determination is limited to determining whether the ZBA's action was illegal, arbitrary, or an abuse of discretion (*see Matter of Village of Honeoye Falls v Town of Mendon Zoning Bd. of Appeals*, 237 AD2d 929 [1997]; *see also Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). Where "the determination of the ZBA has a rational basis and is supported by substantial evidence, it is entitled to great deference and must be sustained" (*Matter of Welsh v Town of Amherst Zoning Bd. of Appeals*, 270 AD2d 844, 844 [2000]; *see Matter of Farrell v Johnson*, 266 AD2d 873 [1999]; *see also Matter of Lloyd v Town of Greece Zoning Bd. of Appeals* [appeal No. 1], 292 AD2d 818, 819 [2002], *lv denied in part and dismissed in part* 98 NY2d 691 [2002]).

Here, respondent Town of Lafayette's zoning ordinance allows property zoned "AR," i.e., Agricultural-Residential, to be used for camping purposes upon the issuance of a permit. The zoning ordinance also allows the ZBA to impose conditions upon the granting of a permit to ensure that the approved use is "[a]ppropriate for the particular lot and location[,]. . .[n]ot unreasonably detrimental to neighboring properties, areas and districts [and c]onsistent with an orderly and appropriate development of neighboring properties, areas, and districts" (Town of Lafayette Zoning Ordinance, art IV, § B [1] [a]-[c]). Here, it is undisputed that petitioners' trailer is not licensed, registered, or insured. Petitioners' trailer is also the only one in the neighborhood and, in the opinion of the ZBA, its presence on petitioners' small parcel "overwhelms the site and creates a feature which is out of character with the surrounding camps and homes in the surrounding neighborhood." We thus conclude that the ZBA's determination conditionally approving the

permit is supported by substantial evidence in the record and has a rational basis. The record does not support petitioners' further contention that the condition requiring the removal of the trailer was related to the " 'identity of the applicant[s]' " (*Matter of St. Onge v Donovan*, 71 NY2d 507, 515 [1988]). Present—Gorski, J.P., Smith, Centra, Fahey and Green, JJ.