■ In the Matter of WIND POWER ETHICS GROUP (WPEG) et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF CAPE VINCENT et al., Respondents, et al., Respondents. (Appeal No. 1.) [875 NYS2d 359]—

Appeal from a judgment (denominated order) of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered August 27, 2007 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Respondent St. Lawrence Windpower, LLC (St. Lawrence) applied to the Town of Cape Vincent Planning Board for, inter alia, site plan approval for its proposed construction of a series of wind-powered generators (project) on property designated as an "Agricultural Residential District." Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondent Zoning Board of Appeals of Town of Cape Vincent (ZBA) that the series of wind-powered generators qualified as a utility and that the project therefore was a permitted site plan use in that district. With respect to the judgment in appeal No. 1, we conclude that Supreme Court properly dismissed the petition. Petitioners' contention that the ZBA failed to refer St. Lawrence's application to the

appropriate county planning agency pursuant to General Municipal Law § 239-m is raised for the first time in petitioners' reply papers and thus is not properly before us (*see Matter of Ball v New York State Dept. of Envtl. Conservation*, 35 AD3d 732, 733-734 [2006]; *Matter of Falk v Village of Scarsdale Zoning Bd. of Appeals*, 254 AD2d 358 [1998]; *Matter of Hill v New York City Tr. Auth.*, 222 AD2d 506 [1995], *lv denied* 88 NY2d 815 [1996]).

We reject petitioners' further contention that the ZBA's determination was "arbitrary, capricious, illegal, *ultra vires* and void." Pursuant to section 315 of the Town of Cape Vincent Zoning Law, utilities are defined as "telephone dial equipment centers, electrical or gas substations, water treatment or storage facilities, pumping stations and similar facilities" that have been, inter alia, constructed or maintained by municipal agencies or public utilities. It is well settled that, "when applying its special expertise in a particular field to interpret statutory language, an agency's rational construction is entitled to deference" (*Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 102 [1997]), and we conclude that the classification by the ZBA of the series of wind-powered generators as a utility within the meaning of section 315 of its Zoning Law is neither irrational nor unreasonable, and that the determination is supported by substantial evidence (*see Matter of West Beekmantown Neighborhood Assn., Inc. v Zoning Bd. of Appeals of Town of Beekmantown*, 53 AD3d 954, 956 [2008]; *Matter of May v Town of Lafayette Zoning Bd. of Appeals*, 43 AD3d 1427, 1428 [2007]; *see generally Matter of Cellular Tel. Co. v Rosenberg*, 82 NY2d 364, 371 [1993]).

With respect to the order in appeal No. 2, we reject the contention of petitioners that the court erred in excluding three documents in settling the record in appeal No. 1. Petitioners do not contend that the documents were before the court when it dismissed the petition, and thus they were properly excluded from the record on appeal (*see Matter of Gullo v Semon*, 265 AD2d 656 [1999], *lv denied* 94 NY2d 757 [1999]; *Matter of Dyno v Village of Johnson City*, 255 AD2d 737 [1998]). Alternatively, petitioners contend that we should take judicial notice of the three documents. We reject that contention. One of the documents, "A Joint Comprehensive Plan for the Village & Town of Cape Vincent," is not relevant to the issues raised in appeal No. 1, and judicial notice is not available with respect to the remaining two documents. Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.