Matter of McFadden v Town of Westmoreland Zoning Bd. (2019 NY Slip Op 06348)





Matter of McFadden v Town of Westmoreland Zoning Bd.


2019 NY Slip Op 06348


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND CURRAN, JJ.


728 CA 18-01753

[*1]IN THE MATTER OF MILBURN MCFADDEN AND THERESA MCFADDEN, PETITIONERS-APPELLANTS,
v
TOWN OF WESTMORELAND ZONING BOARD, RESPONDENT-RESPONDENT. 






MILBURN MCFADDEN, PETITIONER-APPELLANT PRO SE. 
THERESA MCFADDEN, PETITIONER-APPELLANT PRO SE. 
HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Erin P. Gall, J.), entered June 29, 2018 in a CPLR article 78 proceeding. The judgment denied the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul respondent's determination granting petitioners' application for a use variance permitting them to lease a portion of their property to a third party for the operation of a dog training business. Petitioners contended that respondent acted improperly in requiring the variance and in imposing the conditions that the business could entertain a maximum of six dogs at one time and could not provide overnight boarding. Supreme Court denied the petition in its entirety, and we affirm.
On appeal, petitioners contend that respondent violated lawful procedure by requiring a use variance and by imposing conditions on the proposed business even though the proposed use purportedly conformed with the existing zoning code. Initially, we reject petitioners' contention that the court did not consider whether respondent illegally required a use variance for an already conforming use. The court explicitly rejected petitioners' contention that a use variance was not required by holding that the relevant zoning code classified petitioners' property as R-2 residential and that "the uses delineated in [the] town code for an R[-]2 district do not include a dog training facility."
We also reject petitioners' contention on the merits. The Town of Westmoreland Zoning Ordinance (Ordinance) does not allow dog training businesses in R-2 districts (see Ordinance art IV). Further, we conclude that the proposed dog training business does not qualify as a "customary home occupation" permitted in an R-2 district (see
§ 180-16 [B]) inasmuch as it is not "[a]n occupation or a profession which . . . [i]s customarily carried on in a dwelling unit or in a building or other structure accessory to a dwelling unit" as set forth in the Ordinance (§ 180-2 ["Home Occupation"]). We note that, on appeal, petitioners do not dispute that the proposed dog training business is not the sort of occupation customarily carried on in a dwelling unit, and our conclusion is further justified by the fact that petitioners here are not attempting to carry on a typical home occupation but instead propose to lease a portion of their property, but not the dwelling, for use by others (see generally Matter of Criscione v City of Albany Bd. of Zoning Appeals, 185 AD2d 420, 421 [3d Dept 1992]). Given that the proposed dog training business fails to satisfy one of three required elements of a home occupation, petitioners' contentions regarding the applicability of the remaining requirements are [*2]academic.
Because the proposed business is not permitted in an R-2 district, respondent properly required petitioners to obtain a use variance and was authorized to place on that variance such "reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property[,] . . . consistent with the spirit and intent of the zoning ordinance or local law, . . . [and] imposed for the purpose of minimizing any adverse impact such variance may have on the neighborhood or community" (Town Law § 267-b [4]). We conclude that the conditions placed upon petitioners' variance fell within respondent's authority and were not illegal, arbitrary, or an abuse of discretion (see Matter of May v Town of Lafayette Zoning Bd. of Appeals, 43 AD3d 1427, 1428 [4th Dept 2007]).
We reject petitioners' contention that the conditions placed on their use variance are improper because the zoning code allows one "animal unit" per 40,000 square feet of "open, unused land" in R-2 districts (Ordinance § 180-16 [D] [2]). The zoning code's allowance for a certain ratio of "animal units" to "unused land" explicitly applies to "customary agricultural operations," and thus does not apply to petitioners' proposed dog training business (id.). In any event, petitioners' ability to keep certain personal animals on their property as either pets or livestock does not address the fact that a commercial dog training business is not allowed in an R-2 district.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court