▮▮▮ In the Matter of J.H., JR., & E.T., SR. WURZ REALTY PARTNERSHIP et al., Respondents-Appellants, v ZONING BOARD OF APPEALS OF VILLAGE OF NEW YORK MILLS et al., Appellants-

Respondents. [672 NYS2d 557] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Petitioners commenced this proceeding to challenge the determination of respondent Zoning Board of Appeals of the Village of New York Mills (Board) interpreting the Zoning Law of New York Mills as imposing a 200-foot minimum rear yard setback requirement on their property and denying their application for an area variance for the construction of an addition to the main building.

Supreme Court properly dismissed the petition insofar as it sought a declaration that the 200-foot setback provision applicable to industrial districts is void and unenforceable as applied to petitioners' property, located within a planned manufacturing district. "Under a zoning ordinance which authorizes interpretation of its requirements by the board of appeals, specific application of a term of the ordinance to a particular property is * * * governed by the board's interpretation, unless unreasonable or irrational" (*Matter of Frishman v Schmidt*, 61 NY2d 823, 825; *see, Matter of Frampton v Zoning Bd. of Appeals*, 114 AD2d 670). We agree with the court that the Board did not unreasonably or irrationally interpret the ordinance when it concluded that "manufacturing" and "industrial" are used synonymously for the purpose of establishing the setback requirements.

The court erred, however, in granting that part of the petition challenging the Board's denial of the area variance, annulling the determination and directing respondents to grant an area variance and issue a building permit to petitioners that includes a 50-foot setback. The record establishes that the Board made its determination after considering the appropriate factors and weighing the benefit to petitioners against "the detriment to the health, safety and welfare of the neighborhood or community" if the variance were granted (Village Law § 7-712-b [3] [b]; *see, Matter of Khan v Zoning Bd. of Appeals*, 87 NY2d 344, 351-352, *rearg denied* 87 NY2d 1056; *Matter of Sasso v Osgood*, 86 NY2d 374, 384). The determination denying an area variance "rests comfortably on a rational basis and substantial evidence" (*Matter of Doyle v Amster*, 79 NY2d 592, 596), and the court improperly substituted its judgment for that of the Board in annulling that determination (*see, Matter of Village of Honeoye Falls v Town of Mendon Zoning Bd. of Appeals*, 237 AD2d 929). We modify the judgment, therefore, by dismissing the petition in its entirety. (Appeals from Judgment of Supreme Court, Oneida County, Grow, J.—CPLR art