■■■ In the Matter of MICHAEL HOMEYER et al., Appellants, v TOWN OF SKANEATELES ZONING BOARD OF APPEALS, Respondent. [754 NYS2d 611] —Appeal from a judgment of Supreme Court, Onondaga County (Centra, J.), dated December 14, 2001, which denied the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners, the owners of a lot fronting on Skaneateles Lake, appeal from a judgment denying their petition to vacate the determination denying their amended application for area variances that would have allowed them to construct a residence on their lot. In considering an application for an area variance, a local zoning board is required to weigh the benefit to the applicant of granting the variance against any detriment to the health, safety and welfare of the neighborhood or community affected thereby (*see* Town Law § 267-b [3] [b]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 307; *Matter of Sasso v Osgood,* 86 NY2d 374, 382), taking into account the five factors listed in Town Law § 267-b (3) (b) (*see Ifrah,* 98 NY2d at 307-308). A zoning board has "broad discretion" in determining whether to grant the requested area variance (*id.* at 308), and judicial review is limited to deciding whether the determination of the zoning board was illegal, arbitrary or an

abuse of discretion (*see id.*, citing *Matter of Fuhst v Foley,* 45 NY2d 441, 444; *see also Sasso,* 86 NY2d at 386). A reviewing court may not substitute its judgment for that of the zoning board, even if there is substantial evidence supporting a contrary determination (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190, 196; *Matter of Cowan v Kern,* 41 NY2d 591, 599, *rearg denied* 42 NY2d 910; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 316).

We agree with Supreme Court that respondent made its determination after considering the appropriate factors and properly weighing the benefit to petitioners against the detriment to the health, safety and welfare of the neighborhood or community if the variances were granted (*see* Town Law § 267-b [3] [b]; *see generally Ifrah,* 98 NY2d at 309; *Matter of J.H., Jr. v Zoning Bd. of Appeals of Vil. of N.Y. Mills,* 249 AD2d 984, 985, *lv denied* 92 NY2d 813). We further conclude that the determination of respondent is rationally based on the record and not illegal (*see Ifrah,* 98 NY2d at 308-309; *Matter of Orchard Michael, Inc. v Falcon,* 65 NY2d 1007, 1009; *see also J.H., Jr.,* 249 AD2d at 985). Present—Green, J.P., Pine, Hurlbutt, Kehoe and Hayes, JJ.