■ In the Matter of REVEIRA WILCOVE, Appellant, v TOWN OF PITTSFORD ZONING BOARD OF APPEALS et al., Respondents. (Appeal No. 1.) [762 NYS2d 714] —Appeal from a judgment (denominated order and judgment) of Supreme Court, Monroe County (Lunn, J.), entered July 8, 2002, which dismissed the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: The petitioner in both proceedings underlying these appeals is the owner of two residential properties located near a 300-unit housing complex owned by Gleason Estates Associates, LP (Gleason), a respondent in both appeals. Thirty-two units in the complex have been leased to St. John Fisher College (Fisher), a respondent in appeal No. 2, for student housing. Petitioner commenced separate CPLR article 78 proceedings seeking to annul two separate determinations of the Town of Pittsford Zoning Board of Appeals (ZBA), a respondent in both appeals. The first determination granted Gleason's application for an area variance, thus permitting Gleason to exceed the otherwise allowable impervious surface ratio on its property by construction of 115 new parking spaces. The second determination denied petitioner's appeal of a ruling by the Town of Pittsford's code enforcement officer that the leasing of 32 units in the complex to Fisher for occupancy by college students did not constitute an impermissible change in the use of the property from "apartment" to "college" or "dormitory."

Initially, we reject Supreme Court's conclusion that petitioner lacked standing to bring these proceedings (*see Matter of Michalak v Zoning Bd. of Appeals of Town of Pomfret,* 286 AD2d 906, 906-907 [2001]; *Matter of McGrath v Town Bd. of Town of N. Greenbush,* 254 AD2d 614, 616 [1998]). With regard to appeal No. 1, we conclude that the ZBA's issuance of a negative declaration of environmental significance underlying the granting of the area variance was not in violation of lawful procedure, affected by an error of law, arbitrary and capricious, or an abuse of discretion (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 688 [1996]; *Akpan v Koch,* 75 NY2d 561, 570 [1990]). The ZBA "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Gernatt Asphalt Prods.,* 87 NY2d at 688, quoting *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417 [1986]; *cf. Matter of Kahn v Pasnik,* 90 NY2d 569, 574 [1997]).

We similarly reject petitioner's challenge to the granting of the area variance. In considering an application for an area variance, a zoning board must weigh the benefit to the applicant of granting the variance against any detriment to the health, safety and welfare of the neighborhood or community affected thereby, taking into account the five factors listed in Town Law § 267-b (3) (b) (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 307-308 [2002]; *Matter of Sasso v Osgood,* 86 NY2d 374, 382 [1995]; *Matter of Homeyer v Town of Skaneateles Zoning Bd. of Appeals,* 302 AD2d 941 [2003]). A zoning board has "broad discretion" in determining whether to grant the requested variance (*Ifrah,* 98 NY2d at 308), and judicial review is limited to whether the determination was illegal, arbitrary or an abuse of discretion (*see id.,* citing *Matter of Fuhst v Foley,* 45 NY2d 441, 444 [1978]; *see also Sasso,* 86 NY2d at 386). A reviewing court may not substitute its judgment for that of the zoning board (*see Homeyer,* 302 AD2d at 942). We conclude that the ZBA made its determination after considering the appropriate factors and properly weighing the benefit to Gleason against the detriment to the health, safety and welfare of the neighborhood or community if the variance were granted (*see* Town Law § 267-b [3] [b]; *Homeyer,* 302 AD2d at 942). We further conclude that the determination of the ZBA has a rational basis, is supported by substantial evidence in the record, and is not illegal (*see Ifrah,* 98 NY2d at 308-309; *Matter of Orchard Michael, Inc. v Falcon,* 65 NY2d 1007, 1009 [1985]; *Homeyer,* 302 AD2d at 942).

With regard to appeal No. 2, we conclude that the ZBA's de-

termination that there was no illegal change in the use of the property as a result of the influx of college students was not arbitrary and capricious or unlawful. Nor is the ZBA's interpretation of the term "family" in the zoning ordinance to include small groups of students living together "arbitrary, unreasonable, irrational, or made in bad faith" (*Matter of Olivieri v Planning Bd. of Town of Greenburgh*, 229 AD2d 584, 584 [1996]; *see Matter of Laporte v City of New Rochelle,* 2 AD2d 710, 710-711 [1956], *affd* 2 NY2d 921 [1957]; *see also Matter of Gabriel v New Rochelle Bd. of Appeals on Zoning,* 139 AD2d 740, 741 [1988]; *Keim v City of Syracuse,* 125 Misc 2d 616, 618 [1984]; *see generally Matter of Oates v Village of Watkins Glen,* 290 AD2d 758, 762-763 [2002]).

In view of our determination, it is unnecessary to address petitioner's remaining contentions. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.