■ In the Matter of W.K.J. YOUNG GROUP, Petitioner, v ZONING BOARD OF APPEALS OF VILLAGE OF LANCASTER, Respondent, and STEVEN SCHILLINGER et al., Intervenors. [791 NYS2d 807]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Nelson H. Cosgrove, J.], entered September 21, 2004) to review a determination of respondent. The determination denied petitioner's application for an area variance.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law without costs, the petition is granted, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: This CPLR article 78 proceeding was improperly transferred to this Court inasmuch as petitioner does not challenge a determination made as a result of an evidentiary hearing directed by law (*see* CPLR 7803 [4]; 7804 [g]). Nevertheless, we have reviewed petitioner's contentions in the interest of judicial economy (*see Matter of Agusta v Silva*, 201 AD2d 405 [1994]; *Matter of Gomez v Obot*, 170 AD2d 1036 [1991], *lv denied* 78 NY2d 856 [1991]). In determining whether to grant or deny an application for an area variance, the zoning board of appeals (board) of a village must consider the statutory factors and weigh the benefit to the applicant if the variance is granted against any resultant detriment to the health, safety and welfare of the neighborhood or community (*see* Village Law § 7-712-b [3] [b]; *Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington*, 87 NY2d 344, 351-352 [1996], *rearg denied* 87 NY2d 1056 [1996]; *Matter of J.H., Jr., & E.T., Sr. Wurz Realty Partnership v Zoning Bd. of Appeals of Vil. of N.Y. Mills*, 249 AD2d 984,

985 [1998], *lv denied* 92 NY2d 813 [1998]; *see also Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612-613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 307 [2002]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384-386 [1995]). Whether to grant or deny an application for an area variance is committed to the "broad discretion" of the board (*Ifrah*, 98 NY2d at 308). Judicial review (*see* Village Law § 7-712-c) is limited to deciding whether the determination of the board was illegal, arbitrary and capricious or irrational on the record before the board, or an abuse of discretion (*see Ifrah*, 98 NY2d at 308; *Sasso*, 86 NY2d at 386; *Matter of Homeyer v Town of Skaneateles Zoning Bd. of Appeals*, 302 AD2d 941, 941-942 [2003]).

Upon our review of the record and the challenged determination of April 6, 2004, we conclude that respondent "failed to engage in the requisite balancing test, 'considering the factors outlined in [Village Law § 7-712-b (3) (b)] and weighing the benefit to the applicant[ ] against the detriment to the health, safety and welfare of the neighborhood or community' " (*Matter of Fusco v Russell*, 283 AD2d 936, 936 [2001], quoting *Khan*, 87 NY2d at 351-352). To the contrary, the record establishes that respondent's determination to deny the application was the result of general community opposition (*see Matter of D'Angelo v Zoning Bd. of Town of Webster*, 229 AD2d 945 [1996], *lv denied* 89 NY2d 803 [1996]; *see generally Pecoraro*, 2 NY3d at 613). We thus conclude that respondent's denial of petitioner's application is arbitrary and capricious (*see Fusco*, 283 AD2d at 936, citing *Matter of Baker v Brownlie*, 248 AD2d 527, 529-530 [1998]; *D'Angelo*, 229 AD2d at 945). We therefore annul the determination, grant the petition, and remit the matter to respondent to grant petitioner's application for a variance from the 46,000-square-foot lot area requirement of the zoning ordinance (*see* Village of Lancaster Code § 152-27 [A] [2]), thereby allowing petitioner to construct 22 dwelling units on its approximately 37,000-square-foot parcel. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.