In the Matter of VIOLET REALTY, INC., Appellant, v CITY OF BUFFALO PLANNING BOARD et al., Respondents. (Appeal No. 1.) [798 NYS2d 283]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered September 16, 2004 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In appeal No. 1, petitioner, Violet Realty, Inc., appeals from a judgment dismissing its CPLR article 78 petition that, inter alia, sought to annul the determination by respondent City of Buffalo Planning Board (Board) approving a site plan submitted by Kideney Architects, Ellicott Development Company, LLC, and Court and Pearl Associates (collectively, respondents). In appeal No. 2, respondents appeal and petitioner cross-appeals from those parts of a judgment dismissing a subsequent CPLR article 78 petition and those parts of respondents' counterclaim for costs and attorneys' fees in that proceeding.

At the outset, we note that our review of the Board's actions is limited to whether those actions were "illegal, arbitrary and capricious or irrational on the record before the [B]oard, or an abuse of discretion" (*Matter of W.K.J. Young Group v Zoning Bd. of Appeals of Vil. of Lancaster*, 16 AD3d 1021, 1022 [2005]; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Wilcove v Town of Pittsford Zoning Bd. of Appeals*, 306 AD2d 898, 899 [2003]). A "reviewing court may not substitute its judgment for that of the . . . [B]oard, even if there is substantial evidence supporting a contrary determination" (*Matter of Homeyer v Town of Skaneateles Zoning Bd. of Appeals*, 302 AD2d 941, 942 [2003]).

We reject petitioner's initial contention that the Board acted illegally because there was no building permit application pending before the Commissioner of Permits (Commissioner) when the Board acted. Buffalo City Code § 511-140 prohibits the Commissioner from issuing a building permit until any site plan is reviewed and approved by the Board (*see also* Buffalo City Code § 511-138 [A] [1]). The Commissioner advised that respondents were permitted to obtain the site plan approval prior to reapplying for a building permit, and "[d]eference is generally accorded to an administrative agency's interpretation of statutes it enforces when the interpretation involves some type of specialized knowledge" (*Matter of Belmonte v Snashall*, 2 NY3d 560, 565 [2004]). The permit application process in the City of Buffalo is specialized knowledge within the ambit of the Commissioner, and thus we defer to his interpretation of the City Code.

We also reject petitioner's further contention that respondent Buffalo Urban Renewal Agency (BURA) acted in violation of the State Environmental Quality Review Act ([SEQRA] ECL art 8). " '[I]n reviewing the substantive issues raised in a SEQRA proceeding, [a] court will not substitute its judgment for that of

the agency if the agency reached its determination in some reasonable fashion' " (*Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency*, 301 AD2d 292, 304 [2002], quoting *Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency*, 224 AD2d 15, 22 [1996], *appeal dismissed* 89 NY2d 860 [1996], *lv denied* 89 NY2d 811 [1997]). Presuming, without determining, that petitioner has standing to challenge the designation of BURA as the lead agency, the record establishes that BURA consulted with the other agencies involved in its determination and received their approval to act as lead agency for the SEQRA review process, and thus we conclude that BURA acted in a reasonable fashion. Similarly, in light of the definition of "stepback" in Buffalo City Code § 511-4, we conclude that BURA acted reasonably in determining that the proposed building required a "stepback," to ameliorate the effects of wind on pedestrians, only on the front side of the building.

Petitioner's further contentions that BURA's amended negative declaration was an impermissible post hoc environmental review and that BURA erred in failing to conduct a de novo environmental review of a new project are without merit. The applicable SEQRA regulation, 6 NYCRR 617.7 (e) (1) (iii), permits a lead agency to submit an amended negative declaration when changes are proposed in a project, when new information is discovered, or when, as here, "changes in circumstances related to the project arise[ ] that were not previously considered and the lead agency determines that no significant adverse environmental impacts will occur." The evidence in the record further establishes that BURA, as the lead agency, "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]; *see Matter of Save the Pine Bush v Planning Bd. of City of Albany*, 298 AD2d 806, 807 [2002]).

Petitioner's contention that the Buffalo City Code requirements concerning parking and loading spaces were not given proper consideration was not raised in either petition, but was raised for the first time in petitioner's reply. That contention thus is not properly before us (*see Fuss v Hannibal Town Planning Bd.*, 295 AD2d 921, 922 [2002], *lv denied* 99 NY2d 505 [2003]; *Matter of Coombs v Village of Canaseraga*, 247 AD2d 895, 896 [1998]).

Respondents contend that Supreme Court erred in dismissing their counterclaims. In their notice of appeal, respondents state that they appeal from so much of the judgment as "dismiss[ed]

Respondents [*sic*] counterclaim for costs and fees associated in connection with [*sic*] the Motion to Dismiss Petition on Objections in Point of Law." The counterclaims for tortious interference with contractual relations and that part of the fourth counterclaim seeking sanctions are therefore not properly before us, because "the only issues which we may consider are limited by the notice of appeal" (*Weichert v Delia*, 1 AD3d 1058, 1058 [2003] [internal quotation marks omitted], *lv denied* 1 NY3d 509 [2004]). With respect to those parts of their counterclaim for costs and attorneys' fees, respondents failed to establish that the litigation "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]) or was "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). Therefore, those parts of that counterclaim, which were specifically included in the notice of appeal, were properly dismissed (*see Amherst Magnetic Imaging Assoc. v Community Blue, HMO of Blue Cross of W. N.Y.*, 286 AD2d 896, 898 [2001], *lv denied* 97 NY2d 612 [2002]).

We have considered the parties' remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Hayes, JJ.