■ In the Matter of JAN DEGROOTE, Appellant, v TOWN OF GREECE BOARD OF ZONING APPEALS, Respondent. [825 NYS2d 878]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (David D. Egan, J.), entered October 4, 2005 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly dismissed the petition seeking, inter alia, a judgment annulling the determination of respondent denying the application for an area variance that would have allowed petitioner to locate his proposed adult bookstore 50 feet from a "lot on which a dwelling unit is located" rather than, as prescribed by the zoning ordinance, at least 1,000 feet from any such lot (Code of Town of Greece § 211-38 [D] [1]). At the outset, we note that, under the circumstances, petitioner is required to obtain a use variance rather than an area variance (*see Matter of Hotaling v Zoning Bd. of Appeals of Town of DeWitt*, 6 AD3d 1227, 1227-1228 [2004]). In any event, we note that in considering an application for an area variance, a local zoning board is required to weigh the benefit to the applicant of granting the variance against any detriment to the health, safety and welfare of the neighborhood or community affected thereby, taking into account the five factors listed in Town Law § 267-b (3) (b) (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 307-308 [2002]). A zoning board has "broad discretion" in determining whether to grant the requested area variance (*id.* at 308), and judicial review is limited to deciding whether the determination of the zoning board was illegal, arbitrary or an abuse of discretion (*see id.; see also Matter of Sasso v Osgood*, 86 NY2d 374, 386 [1995]). A reviewing court may not substitute its judgment for that of the zoning board, even if there is substantial evidence supporting a contrary determination (*see Matter of Homeyer v Town of Skaneateles Zoning Bd. of Appeals*, 302 AD2d 941, 941-942 [2003]).

Here, respondent rendered its determination after considering the appropriate factors and properly weighing the benefit to petitioner against the detriment to the health, safety and welfare of the neighborhood or community if the variances were granted (*see* Town Law § 267-b [3] [b]; *Ifrah*, 98 NY2d at 309; *Homeyer*, 302 AD2d at 942). Moreover, the determination of respondent has a rational basis and is not illegal (*see Matter of Tersigni v Village of Lynbrook Bd. of Zoning Appeals*, 33 AD3d 713 [2006]). Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.