■ In the Matter of THOMAS A. CONWAY, Appellant, v TOWN OF IRONDEQUOIT ZONING BOARD OF APPEALS et al., Respondents. [831 NYS2d 818]—

Appeal from a judgment of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered February 2, 2006 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment dismissing his CPLR article 78 petition seeking to annul the determination granting the application of respondents Joseph Cattalani and Susan Cattalani (applicants) for area variances allowing them to erect certain fencing on their residential property. In considering the application, respondent Town of Irondequoit Zoning Board of Appeals (ZBA) was required to weigh the bene-

fit to the applicants of granting the variances against any detriment to the health, safety and welfare of the neighborhood or community affected thereby, taking into account the five factors set forth in Town Law § 267-b (3) (b) (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 307-308 [2002]; *Matter of Sasso v Osgood*, 86 NY2d 374, 382 [1995]; *Matter of Homeyer v Town of Skaneateles Zoning Bd. of Appeals*, 302 AD2d 941, 941-942 [2003]), and we conclude that the ZBA did so here. We note that the ZBA is afforded "broad discretion" in determining whether to grant the requested variances (*Ifrah*, 98 NY2d at 308), and judicial review is limited to whether the determination was illegal, arbitrary or an abuse of discretion (*see id.*, citing *Matter of Fuhst v Foley*, 45 NY2d 441, 444 [1978]; *see also Sasso*, 86 NY2d at 386). A reviewing court may not substitute its judgment for that of the ZBA, even if there is substantial evidence supporting a contrary determination (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of DeGroote v Town of Greece Bd. of Zoning Appeals*, 35 AD3d 1177 [2006]; *Homeyer*, 302 AD2d at 942). Upon our review of the record, we conclude that the determination of the ZBA is not illegal, arbitrary or capricious or an abuse of discretion (*see Ifrah*, 98 NY2d at 308-309; *Matter of Orchard Michael, Inc. v Falcon*, 65 NY2d 1007, 1009 [1985]; *Homeyer*, 302 AD2d at 941-942). Finally, we reject petitioner's contention that the ZBA did not grant the minimum variance necessary to meet the applicants' needs while at the same time preserving and protecting the character of the neighborhood and the health, safety, and welfare of the community (*see* Town Law § 267-b [3] [c]; *Matter of Welsh v Town of Amherst Zoning Bd. of Appeals*, 270 AD2d 844, 845 [2000]). Present—Gorski, J.P., Centra, Peradotto and Pine, JJ.