■ In the Matter of JOHN F. ABRAMS et al., Appellants, v CITY OF BUFFALO ZONING BOARD OF APPEALS et al., Respondents.
[877 NYS2d 550]—

Appeal from a judgment (denominated judgment and order) of the Supreme Court, Erie County (James H. Dillon, J.), entered August 5, 2008 in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners appeal from a judgment in this CPLR article 78 proceeding dismissing their petition seeking, inter alia, to annul the determination granting the application of respondent Ellicott Group, LLC (Ellicott) for a use variance to convert a parcel in a primarily residential zoning district into a commercial parking lot. We affirm. We note at the outset that we reject the contention of Ellicott that the appeal is moot based on petitioners' failure to proceed with the appeal until after the construction of the parking lot was completed. "[T]he rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]).

We reject petitioners' contention, however, that respondent City of Buffalo Zoning Board of Appeals (ZBA) lacked jurisdiction to grant Ellicott's application. The ZBA has the authority to grant a use variance pursuant to the City of Buffalo Code § 511-125 (C) and, contrary to petitioners' further contention, the ZBA did not intrude upon the authority of the City of Buffalo's Common Council by "destroy[ing] the general scheme" of the zoning law (*Matter of Clark v Board of Zoning Appeals of Town of Hempstead*, 301 NY 86, 91 [1950], *rearg denied* 301 NY 681 [1950], *cert denied* 340 US 933 [1951]).

We reject petitioners' contention that the determination to grant the use variance lacks a rational basis and is not supported by substantial evidence (*see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). Ellicott met its burden of demonstrating "that applicable zoning regulations and restrictions have caused unnecessary hardship," i.e., that it could not realize a reasonable return with respect to the property, that the hardship was unique, that the variance would not alter the essential character of the neighborhood, and that the hardship was not self-created (Gen-

eral City Law § 81-b [3] [b]). We further conclude that the ZBA complied with the requirements of article 8 of the Environmental Conservation Law (State Environmental Quality Review Act) in issuing a negative declaration. The ZBA properly "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). Present—Scudder, P.J., Carni, Green and Gorski, JJ.