Matter of Campaign for Buffalo History Architecture & Culture, Inc. v Zoning Bd. of Appeals of City of Buffalo (2019 NY Slip Op 05443)





Matter of Campaign for Buffalo History Architecture & Culture, Inc. v Zoning Bd. of Appeals of City of Buffalo


2019 NY Slip Op 05443


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


146 CA 18-01406

[*1]IN THE MATTER OF THE CAMPAIGN FOR BUFFALO HISTORY ARCHITECTURE & CULTURE, INC., DEREK BATEMAN AND LORNA C. HILL, PETITIONERS-APPELLANTS,
v
ZONING BOARD OF APPEALS OF CITY OF BUFFALO, PLANNING BOARD OF CITY OF BUFFALO, RACHEL HECKL, INDIVIDUALLY AND AS PRINCIPAL MEMBER OF 467 RICHMOND AVENUE, LLC, AND 467 RICHMOND AVENUE, LLC, RESPONDENTS-RESPONDENTS. 






LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (CARIN S. GORDON OF COUNSEL), FOR RESPONDENTS-RESPONDENTS ZONING BOARD OF APPEALS OF CITY OF BUFFALO AND PLANNING BOARD OF CITY OF BUFFALO.
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (MARK C. DAVIS OF COUNSEL), FOR RESPONDENTS-RESPONDENTS RACHEL HECKL, INDIVIDUALLY AND AS PRINCIPAL MEMBER OF 467 RICHMOND AVENUE, LLC, AND 467 RICHMOND


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered March 13, 2018 in a CPLR article 78 proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondent Zoning Board of Appeals of City of Buffalo (ZBA) granting two area variances and a use variance to respondents Rachel Heckl, individually and as a principal member of 467 Richmond Avenue, LLC, and 467 Richmond Avenue, LLC (collectively, Heckl respondents), and to annul the determination of respondent Planning Board of City of Buffalo (Planning Board) approving the Heckl respondents' site plan. The project in question involves demolishing a residence and garage behind a former church building in a residential neighborhood and constructing, in place of the garage, a three-story building that would house an art gallery on the first floor and eight apartments on the second and third floors. The Heckl respondents previously obtained approvals to renovate the former church building for use as a visual and performing arts center. Petitioners appeal from a judgment that granted the motion of the Heckl respondents to dismiss the petition against them and granted the motion of the ZBA and Planning Board for summary judgment dismissing the petition against them, thereby dismissing the petition in its entirety. We affirm.
As a preliminary matter, we note that petitioners' claim that the ZBA failed to conduct the requisite review pursuant to the State Environmental Quality Review Act ([SEQRA] ECL art 8]) is untimely (see General City Law § 81-c [1]; Matter of Cor Rte. 5 Co., LLC v Village of Fayetteville, 147 AD3d 1432, 1433-1434 [4th Dept 2017]; see also Matter of Young v Board of [*2]Trustees of Vil. of Blasdell, 89 NY2d 846, 849 [1996]). The ZBA made its determination with respect to the subject variances on July 19, 2017 (see Matter of 92 MM Motel, Inc. v Zoning Bd. of Appeals of Town of Newburgh, 90 AD3d 663, 663-664 [2d Dept 2011]; see also Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Croton-on-Hudson, 78 NY2d 1083, 1084-1085 [1991]), and that determination "committed the ZBA to a course of action which could affect the environment" (Matter of Crepeau v Zoning Bd. of Appeals of Vil. of Cambridge, 195 AD2d 919, 921-922 [3d Dept 1993]; see Cor Rte. 5 Co., LLC, 147 AD3d at 1433-1434). The petition was not filed, however, until November 22, 2017, months after the 30-day limitations period set forth in General City Law § 81-c (1) had expired. We therefore do not consider petitioners' contention regarding the ZBA's alleged noncompliance with SEQRA.
Even assuming, arguendo, that petitioners' substantive contentions with respect to the variances granted by the ZBA are timely (see generally Matter of County of Niagara v Daines, 79 AD3d 1702, 1704 [4th Dept 2010], lv denied 17 NY3d 703 [2011]), we conclude that they are without merit. The ZBA is afforded broad discretion in determining whether to grant variances, and our review is limited to whether its determination was illegal, arbitrary, or an abuse of discretion (see Matter of Conway v Town of Irondequoit Zoning Bd. of Appeals, 38 AD3d 1279, 1280 [4th Dept 2007]). Where there is substantial evidence in the record to support the rationality of the ZBA's determination, the determination should be affirmed upon judicial review (see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2 [1995]; Matter of Expressview Dev., Inc. v Town of Gates Zoning Bd. of Appeals, 147 AD3d 1427, 1428-1429 [4th Dept 2017]). Here, the ZBA properly took into account the relevant factors set forth in General City Law § 81-b (3) and (4) and made detailed findings with respect to those factors, and we conclude that its determination to grant the variances is not illegal, arbitrary, or an abuse of discretion (see Conway, 38 AD3d at 1280). Although there may be substantial evidence in the record to support the rationality of a contrary determination, we note that we may not substitute our own judgment for that of the ZBA (see id.).
Contrary to petitioners' further contention, we conclude that the Planning Board's determination to issue a negative declaration pursuant to SEQRA is not in violation of lawful procedure, affected by an error of law, arbitrary and capricious, or an abuse of discretion (see Matter of Dunk v City of Watertown, 11 AD3d 1024, 1025-1026 [4th Dept 2004]; Matter of Forman v Trustees of State Univ. of N.Y., 303 AD2d 1019, 1020 [4th Dept 2003]; see also CPLR 7803 [3]). Petitioners additionally contend that the Planning Board's determination to approve the site plan violated General City Law § 28-a (12) inasmuch as the site plan is inconsistent with the comprehensive plan adopted by the City of Buffalo in 2006. We reject that contention. Indeed, upon our review of the record, we conclude that the Planning Board's determination to approve the site plan is supported by substantial evidence and has a rational basis (see Matter of Dietrich v Planning Bd. of Town of W. Seneca, 118 AD3d 1419, 1420-1421 [4th Dept 2014]; see generally Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d 178, 188 [1973], rearg denied 34 NY2d 668 [1974]).
We have examined petitioners' remaining contentions and conclude that they lack merit.
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court