Matter of Buckley v Zoning Bd. of Appeals of City of Geneva (2020 NY Slip Op 07757)





Matter of Buckley v Zoning Bd. of Appeals of City of Geneva


2020 NY Slip Op 07757


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


695 CA 19-02371

[*1]IN THE MATTER OF EILEEN BUCKLEY, DEREK LUSTIG, JERRY BUCKLEY, PARK HOUSE GENEVA, LLC, KAY ABRAHAM, JOANNE LABATE, JANE B. DONEGAN, GENA RANGEL, BETTY BAYER, HANS C. BUECHLER, SUSAN HENKING, JULIE O'MALLEY, BARBARA ROESCH ROKOW, WALTER GAGE, AND ANTHONY CONSTABLE, PETITIONERS-APPELLANTS,
v
ZONING BOARD OF APPEALS OF CITY OF GENEVA, TRINITY EPISCOPAL CHURCH AND MCGROARTY INVESTMENTS, LLC, RESPONDENTS-RESPONDENTS. 






ANTHONY J. VILLANI, P.C., LYONS (ANTHONY J. VILLANI OF COUNSEL), FOR PETITIONERS-APPELLANTS.
HANCOCK ESTABROOK, LLP, SYRACUSE (WENDY MARSH OF COUNSEL), FOR RESPONDENT-RESPONDENT ZONING BOARD OF APPEALS OF CITY OF GENEVA. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MARC A. ROMANOWSKI OF COUNSEL), FOR RESPONDENTS-RESPONDENTS TRINITY EPISCOPAL CHURCH AND MCGROARTY INVESTMENTS, LLC. 


 Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered June 20, 2019 in a proceeding pursuant to CPLR article 78. The judgment dismissed the amended and supplemental petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Respondents Trinity Episcopal Church (TEC) and McGroarty Investments, LLC (McGroarty) proposed to renovate TEC's church and rectory by creating an inn with guest rooms, a restaurant, and a parking lot expansion (project). Specifically, under the proposal, the sanctuary would continue to be used for worship, but would also be used as an event space, while two wings of the church would be converted into a 21-room inn and a restaurant. The lower level of the church would be converted into offices, washrooms, a kitchen, and flex space, and the rectory would be converted into seven additional suites associated with the inn. The proposed inn, restaurant, and event space were not, however, permitted uses in the multifamily residential and historic district in which the church and rectory are located. Thus, TEC and McGroarty submitted a use variance application to respondent Zoning Board of Appeals of City of Geneva (ZBA). Thereafter, the ZBA approved the use variance for the project and, as lead agency for purposes of the State Environmental Quality Review Act ([SEQRA] ECL art 8), issued a negative declaration. Petitioners then commenced this CPLR article 78 proceeding seeking to annul those determinations. Supreme Court, inter alia, granted respondents' respective motions to dismiss the amended and supplemental petition (amended petition) against them pursuant to CPLR 409 (b) and 7804 (f), and we now affirm.
Petitioners contend that the court erred in treating respondents' motions to dismiss as motions for summary judgment. In petitioners' view, the court was required to treat the allegations in the amended petition as true and accord petitioners every favorable inference. We reject petitioners' contention. It is well settled that "[a] CPLR article 78 proceeding is a special [*2]proceeding . . . and as such may be summarily determined upon the pleadings, papers, and admissions to the extent that no triable issues of fact are raised . . . Thus, every hearing of a special proceeding is equivalent to the hearing of a motion for summary judgment and makes a formal motion for same unnecessary" (Matter of Battaglia v Schuler, 60 AD2d 759, 759-760 [4th Dept 1977] [internal quotation marks omitted]). Consequently, the court's consideration of respondents' motions "was [not] limited to the issue whether the petition contained a cognizable legal theory" (Matter of Strobel v New York State Dept. of Envtl. Conservation, 111 AD3d 1402, 1402 [4th Dept 2013]), and it could treat respondents' motions as summary judgment motions.
We also reject petitioners' contention that the determination to grant the use variance lacks a rational basis and is not supported by substantial evidence (see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]). "[T]he ZBA is afforded 'broad discretion' in determining whether to grant the requested variance[] . . . , and judicial review is limited to whether the determination was illegal, arbitrary or an abuse of discretion" (Matter of Conway v Town of Irondequoit Zoning Bd. of Appeals, 38 AD3d 1279, 1280 [4th Dept 2007]). "A reviewing court may not substitute its judgment for that of the ZBA, even if there is substantial evidence supporting a contrary determination" (id.). Where there is substantial evidence in the record to support the rationality of the ZBA's determination, the determination should be affirmed upon judicial review (see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]). Here, upon our review of the record, we conclude that the determination of the ZBA is not illegal, arbitrary or capricious, or an abuse of discretion inasmuch as TEC and McGroarty established that "applicable zoning regulations and restrictions have caused unnecessary hardship," i.e., that they could not realize a reasonable return with respect to the property, that the hardship was unique, that the variance would not alter the essential character of the neighborhood, and that the hardship was not self-created (General City Law § 81-b [3] [b] [i]-[iv]; see Matter of Abrams v City of Buffalo Zoning Bd. of Appeals, 61 AD3d 1387, 1387-1388 [4th Dept 2009]).
We further conclude that, contrary to petitioners' contention, the ZBA complied with the substantive and procedural requirements of SEQRA in issuing a negative declaration, and its determination to issue the negative declaration was not in violation of lawful procedure, affected by an error of law, arbitrary and capricious, or an abuse of discretion (see Matter of Campaign for Buffalo History Architecture & Culture, Inc. v Zoning Bd. of Appeals of City of Buffalo, 174 AD3d 1304, 1306 [4th Dept 2019], lv denied 34 NY3d 912 [2020]). The ZBA properly "identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 318 [2006] [internal quotation marks omitted]; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]). Contrary to petitioners' further contention, it is well settled "that the 'designation as a [T]ype I action does not, per se, necessitate the filing of an environmental impact statement [(EIS)]' " (Matter of Wooster v Queen City Landing, LLC, 150 AD3d 1689, 1692 [4th Dept 2017]). "When the lead agency finds that there will be no adverse environmental impacts or that such impacts will be insignificant, it can issue a negative declaration without the necessity of an EIS," and it is not "[t]he court's role . . . to second-guess the [ZBA's] determination" (Matter of Brunner v Town of Schodack Planning Bd., 178 AD3d 1181, 1182-1183 [3d Dept 2019]).
Petitioners further contend that they were denied due process and that, in particular, they were denied the right to participate in the public hearings before the ZBA, and the ZBA impermissibly allowed TEC and McGroarty to submit additional materials after the deadline for submissions had expired. We reject that contention. The ZBA, as the lead agency for purposes of SEQRA review, was required to "make every reasonable effort to involve project sponsors, other agencies and the public in the SEQR[A] process" (6 NYCRR 617.3 [d]). Upon our review of the record, we conclude that petitioners were given notice of the hearings and an opportunity to be heard. They commented on the issues at the hearings and made written submissions. Furthermore, we conclude that the ZBA's consideration of the additional materials in question, which petitioners claim were submitted after the opportunity for public comment had closed, does not, under the circumstances of this case, mandate reversal (see generally Brunner, 178 AD3d at 1184).
We have considered petitioners' remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court