Matter of Gidney v Zoning Bd. of Appeals of City of Buffalo (2022 NY Slip Op 04232)

Matter of Gidney v Zoning Bd. of Appeals of City of Buffalo

2022 NY Slip Op 04232

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.

108 CA 21-01074

[*1]IN THE MATTER OF ELVERNA D. GIDNEY, PETITIONER-APPELLANT, ET AL., PETITIONER,
v
ZONING BOARD OF APPEALS OF CITY OF BUFFALO, PLANNING BOARD OF CITY OF BUFFALO, SYMPHONY PROPERTY MANAGEMENT LLC AND MICHIGAN-REDEV LLC, RESPONDENTS-RESPONDENTS. 

LAW OFFICE OF ARTHUR J. GIACALONE, BUFFALO (ARTHUR J. GIACALONE OF COUNSEL), FOR PETITIONER-APPELLANT.
TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (JESSICA M. LAZARIN OF COUNSEL), FOR RESPONDENTS-RESPONDENTS ZONING BOARD OF APPEALS OF CITY OF BUFFALO AND PLANNING BOARD OF CITY OF BUFFALO.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MARC A. ROMANOWSKI OF COUNSEL), FOR RESPONDENTS-RESPONDENTS SYMPHONY PROPERTY MANAGEMENT LLC AND MICHIGAN-REDEV LLC.

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered February 17, 2021 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Respondents Symphony Property Management LLC and Michigan-Redev LLC (collectively, developers) are the owners of several contiguous parcels of land, where they propose building a stacked unit residential building (project). The project site is split between mixed use zoning on the west and residential zoning on the east and, in order to complete the project as planned, the developers need to obtain certain area variances. In response to concerns raised at several public hearings on the developers' variance application before respondent Zoning Board of Appeals of the City of Buffalo (ZBA), the developers submitted a second amended site plan calling for a total of 133 units with design elements that would "mimic" some nearby existing structures. The ZBA granted the developers' application for the necessary variances for the project and, as lead agency for purposes of the State Environmental Quality Review Act ([SEQRA] ECL art 8), the ZBA issued an amended negative declaration. Petitioners then commenced this CPLR article 78 proceeding seeking, inter alia, to annul those determinations. Elverna D. Gidney (petitioner) now appeals from a judgment that, inter alia, granted respondents' motions pursuant to CPLR 7804 (f) to dismiss the petition against them. We affirm.
We reject petitioner's contention that the determination to grant the developers' application for the use variances lacks a rational basis and is not supported by substantial evidence (see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]). "[T]he ZBA is afforded 'broad discretion' in determining whether to grant the requested variances . . . , and judicial review is limited to whether the determination was illegal, arbitrary or an abuse of discretion" (Matter of Conway v Town of Irondequoit Zoning Bd. of [*2]Appeals, 38 AD3d 1279, 1280 [4th Dept 2007]). "A reviewing court may not substitute its judgment for that of the ZBA, even if there is substantial evidence supporting a contrary determination" (id.). "Where there is substantial evidence in the record to support the rationality of the ZBA's determination, the determination should be affirmed upon judicial review" (Matter of Buckley v Zoning Bd. of Appeals of City of Geneva, 189 AD3d 2080, 2081 [4th Dept 2020]; see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]). Here, upon our review of the record, we conclude that the determination of the ZBA is not illegal, arbitrary or an abuse of discretion inasmuch as the developers met their burden of establishing "that applicable zoning regulations and restrictions have caused unnecessary hardship," i.e., that they could not realize a reasonable return with respect to the property, that the hardship was unique, and that the variances would not alter the essential character of the neighborhood (General City Law § 81-b [3] [b]; see Matter of Abrams v City of Buffalo Zoning Bd. of Appeals, 61 AD3d 1387, 1387 [4th Dept 2009]). Contrary to petitioner's further contention, the ZBA did not intrude upon the authority of the City of Buffalo's Common Council by " 'destroy[ing] the general scheme' of the zoning law" (Abrams, 61 AD3d at 1387, quoting Matter of Clark v Board of Zoning Appeals of Town of Hempstead, 301 NY 86, 91 [1950], rearg denied 301 NY 681 [1950], cert denied 340 US 933 [1951]; see Matter of Santora v Town of Poughkeepsie Zoning Bd. of Appeals, 55 AD3d 741, 743 [2d Dept 2008]).
We further conclude that the ZBA complied with the requirements of SEQRA in issuing a negative declaration. The ZBA properly "identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 318 [2006] [internal quotation marks omitted]; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]). "When the lead agency finds that there will be no adverse environmental impacts or that such impacts will be insignificant, it can issue a negative declaration . . . and it is not [the] court's role . . . to second-guess the [ZBA's] determination" (Buckley, 189 AD3d at 2082 [internal quotation marks omitted]; see Matter of Brunner v Town of Schodack Planning Bd., 178 AD3d 1181, 1182-1183 [3d Dept 2019]).
We have considered petitioner's remaining contentions and conclude that they are without merit.
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court