Matter of Gidney v Zoning Bd. of Appeals of City of Buffalo (2022 NY Slip Op 05484)

Matter of Gidney v Zoning Bd. of Appeals of City of Buffalo

2022 NY Slip Op 05484

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, TROUTMAN, AND WINSLOW, JJ. (Filed Sept. 30, 2022.) 

MOTION NO. (108/22) CA 21-01074.

[*1]IN THE MATTER OF ELVERNA D. GIDNEY, PETITIONER-APPELLANT, ET AL., PETITIONER, 
v
ZONING BOARD OF APPEALS OF CITY OF BUFFALO, PLANNING BOARD OF CITY OF BUFFALO, SYMPHONY PROPERTY MANAGEMENT LLC AND MICHIGAN-REDEV LLC, RESPONDENTS-RESPONDENTS.

MEMORANDUM AND ORDER Motion for reargument is granted in part and, upon reargument, the memorandum and order entered July 1, 2022 (207 AD3d 1025 [4th Dept 2022]) is amended by deleting the second paragraph of the memorandum and substituting the following paragraph:
We reject petitioner's contention that the determination to grant the developers' application for the area variances lacks a rational basis and is not supported by substantial evidence (see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]). "[T]he determination whether to grant or deny an application for an area variance is committed to the broad discretion of the applicable local zoning board" (Matter of People, Inc. v City of Tonawanda Zoning Bd. of Appeals, 126 AD3d 1334, 1335 [4th Dept 2015]). "Where there is substantial evidence in the record to support the rationality of the ZBA's determination, the determination should be affirmed upon judicial review" (Matter of Buckley v Zoning Bd. of Appeals of City of Geneva, 189 AD3d 2080, 2081 [4th Dept 2020]; see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]). Here, upon our review of the record, we conclude that "the ZBA properly took into account the relevant factors set forth in [General City Law § 81-b (4)] and made detailed findings with respect to those factors, and we conclude that its determination to grant the variances is not illegal, arbitrary, or an abuse of discretion" (Matter of Campaign for Buffalo History Architecture & Culture, Inc. v Zoning Bd. of Appeals of City of Buffalo, 174 AD3d 1304, 1306 [4th Dept 2019], lv denied 34 NY3d 912 [2020]; see Matter of DeGroote v Town of Greece Bd. of Zoning Appeals, 35 AD3d 1177, 1178 [4th Dept 2006]). Contrary to petitioner's further contention, the ZBA did not intrude upon the authority of the City of Buffalo's Common Council by " 'destroy[ing] the general scheme' of the zoning law" (Matter of Abrams v City of Buffalo Zoning Bd. of Appeals, 61 AD3d 1387, 1387 [4th Dept 2009], quoting Matter of Clark v Board of Zoning Appeals of Town of Hempstead, 301 NY 86, 91 [1950], rearg denied 301 NY 681 [1950], cert denied 340 US 933 [1951]; see Matter of Santora v Town of Poughkeepsie Zoning Bd. of Appeals, 55 AD3d 741, 743 [2d Dept 2008]).