Matter of Socha v Town of Starkey (2025 NY Slip Op 03431)

Matter of Socha v Town of Starkey

2025 NY Slip Op 03431

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

245 CA 23-02094

[*1]IN THE MATTER OF SEAN SOCHA AND CHRISTA SOCHA, PETITIONERS-PLAINTIFFS-APPELLANTS,
v
TOWN OF STARKEY, TOWN OF STARKEY ZONING BOARD OF APPEALS, TOWN OF STARKEY OFFICE OF ZONING ENFORCEMENT OFFICER, TOWN OF STARKEY ZONING ENFORCEMENT OFFICER, RESPONDENTS-DEFENDANTS-RESPONDENTS, ET AL., RESPONDENTS-DEFENDANTS. 

THE ZOGHLIN GROUP, PLLC, ROCHESTER (JACOB H. ZOGHLIN OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS. 
CHALIFOUX LAW, P.C., PITTSFORD (SHEILA M. CHALIFOUX OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Yates County (Barry L. Porsch, A.J.), entered November 9, 2023, in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment dismissed the petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the decretal paragraph and granting judgment in favor of respondents as follows:
It is ADJUDGED and DECLARED that the variance issued in 2021 and building permit issued in 2022 are illegal and void and therefore provide no vested property rights to petitioners, and
It is ADJUDGED and DECLARED that, to the extent that petitioners-plaintiffs have vested property rights arising from the variance issued in 2004, building permit issued in 2004, or certificate of zoning compliance issued in 2004, such rights do not apply to a building of the size and character of the shed constructed in 2022, and as modified the judgment is affirmed without costs.
Memorandum: In 2021, petitioners-plaintiffs (petitioners), who own property on Lakeview Road in respondent-defendant Town of Starkey, applied for a use variance to construct a shed that exceeded the square footage limit set by the town code (Lakeview shed). The Lakeview shed would replace a "deteriorating" 10-by-14-foot shed built in 2004 after the prior property owners sought and received a use variance, building permit, and certificate of zoning compliance. In petitioners' 2021 variance application for the Lakeview shed, they sought permission to construct a 14-by-18-foot structure, 14 or 15 feet high, on a two-foot-high platform. Respondent-defendant Town of Starkey Zoning Board of Appeals (ZBA) scheduled a public hearing on petitioners' 2021 variance application and published a notice in a local newspaper. However, petitioners' variance application listed the incorrect tax identification number for the Lakeview Road property and did not include its location or address, and the ZBA mailed the notice to property owners within 1,000 feet of the mailing address provided by petitioners, which differed from the Lakeview Road property location, with the result that property owners within 1,000 feet of that property did not receive notice of the hearing. Following a hearing, the ZBA granted the variance and, in 2022, petitioners were granted a building permit. Petitioners completed construction of the Lakeview shed in October 2022.
In November 2022, the ZBA advised petitioners that notice of the administrative hearing for the 2021 variance application was defective and, that month, on instruction from the ZBA, petitioners submitted a new variance application listing the correct tax identification number for the Lakeview Road property. A hearing was scheduled, and notice was again published and mailed, this time to landowners within 1,000 feet of the Lakeview Road property. Prior to the hearing, ZBA members visited the Lakeview Road property and viewed the completed Lakeview shed. During the hearing, they considered comments and written submissions from affected property owners expressing their concerns, including that the larger structure "affect[ed] the turn around area" on the access road and created drainage issues. Citing those concerns, the ZBA denied the 2022 variance application and ordered that the Lakeview shed be removed.
Petitioners then commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, a declaration that the zoning variance issued in 2021 and associated 2022 building permit were validly issued and remained in full force and effect, and that petitioners' vested rights in those documents, as well as in the prior variance, permit, and certificate of zoning compliance issued in 2004, provided a legal basis for the erection of the Lakeview shed. Respondents-defendants answered, requesting that the petition-complaint be dismissed, and Supreme Court effectively dismissed the petition-complaint. Petitioners appeal.
We note at the outset that the court erred in dismissing the petition-complaint, rather than declaring the rights of the parties, and we therefore modify the judgment accordingly (see Restuccio v City of Oswego, 114 AD3d 1191, 1191 [4th Dept 2014]; Schlossin v Town of Marilla, 48 AD3d 1118, 1119 [4th Dept 2008]; see generally Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
We reject petitioners' contention that the 2021 variance was properly noticed. To the contrary, the errors and inconsistencies throughout the 2021 variance application wholly defeated the purpose of notice in an administrative proceeding, resulting in a failure to inform interested parties by published notice, as required by statute (see Town Law § 267-a [7]), or to notify all owners "within one thousand . . . feet" of the property, as required by town regulations (see Town of Starkey Zoning Regulations § 7.72). Instead, due to those comprehensive errors, "no public notice [was] given of intention to ask for a variance" at the Lakeview Road property (Matter of Retoske v Boettger, 249 AD 624, 625 [2d Dept 1936]). Under these circumstances, the court properly concluded that the failure to properly notice nearby property owners deprived the ZBA of jurisdiction to act and rendered the 2021 variance and subsequent building permit void ab initio because the ZBA "was without power to grant a variance where" no public notice was given as required by the local zoning law (id.). Indeed, because they failed to comply with relevant statutes and regulations, the actions taken here were "illegal and void" (Matter of Buffalo Cremation Co., Ltd. v March, 222 App Div 447, 448 [4th Dept 1928], affd 249 NY 531 [1928]; see Matter of Jones v Zoning Bd. of Appeals of Town of Oneonta, 61 AD3d 1299, 1300-1301 [3d Dept 2009]; see generally Matter of Wehr v Crowley, 6 AD2d 214, 220 [4th Dept 1958]).
We further reject petitioners' contention that they have established a vested property interest that would allow them to keep the Lakeview shed. "To establish a claim for violation of substantive due process, a party 'must establish a cognizable . . . vested property interest' . . . and 'that the governmental action was wholly without legal justification' " (Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 59 [2011]; see Jones v Town of Carroll, 177 AD3d 1297, 1298 [4th Dept 2019]). Assuming, arguendo, that petitioners have vested property rights in the 2004 variance, 2004 building permit, and 2004 certificate of zoning compliance (see Matter of Waterways Dev. Corp. v Town of Brookhaven Zoning Bd. of Appeals, 126 AD3d 708, 712 [2d Dept 2015], lv denied 25 NY3d 909 [2015]), we conclude that their issuance does not authorize construction of a structure of the size and character of the Lakeview shed. Further, because the 2021 variance was void, the 2022 building permit was not legally issued, and thus no vested rights could accrue (see Town of Orangetown v Magee, 88 NY2d 41, 47 [1996]; Matter of Rejman v Welch, 112 AD2d 795, 795 [4th Dept 1985], appeal dismissed 66 NY2d 916 [1985]; see also Matter of Natchev v Klein, 41 NY2d 833, 834 [1977]).
With respect to petitioners' challenge to the ZBA's denial of the 2022 variance application, we conclude that it is without merit. The ZBA is afforded broad discretion in determining whether to grant or deny variances, and our review is limited to whether its [*2]determination was illegal, arbitrary, or an abuse of discretion (see Matter of Conway v Town of Irondequoit Zoning Bd. of Appeals, 38 AD3d 1279, 1280 [4th Dept 2007]). Where there is substantial evidence in the record to support the rationality of the ZBA's determination, the determination should be affirmed upon judicial review (see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2 [1995]; Matter of Expressview Dev., Inc. v Town of Gates Zoning Bd. of Appeals, 147 AD3d 1427, 1428-1429 [4th Dept 2017]). Pursuant to Town Law § 267-b (3), the ZBA must weigh "the benefit of [granting a variance] to the applicant against the detriment to the health, safety and welfare of the neighborhood community if the variance is granted" (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612 [2004]). Here, although the ZBA did not articulate its findings, the record indicates that the ZBA's determination was rationally based on the five factors set out in Town Law § 267-b (3) (b) (see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 93 [2001]). The record also establishes that the ZBA's denial of the 2022 variance was founded upon, inter alia, new facts of which it was not aware at the previous hearing because of the insufficient notice. We conclude that its determination is not illegal, arbitrary, or an abuse of discretion (see Conway, 38 AD3d at 1280). Although there may be substantial evidence in the record to support the rationality of a contrary determination, we note that we may not substitute our own judgment for that of the ZBA (see id.).
We have considered petitioners' remaining contention and conclude that it is without merit.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court