■ In the Matter of KINDERHILL FARM BREEDING ASSOCIATES, Appellant, v EDWARD A. WALKER, as Building Inspector of the Town of Chatham, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered December 12, 1975 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a decision of the Town Board of Chatham and to compel respondents to issue a mobile home license to petitioner. Petitioner is the owner of 140 acres of land in the Town of Chatham, Columbia County, upon which it breeds, raises and sells thoroughbred horses. As an adjunct to this operation, it also raises and sells Christmas trees, hay and beef cattle. Pursuant to the town zoning ordinance, the property is located in the Rural Lands Two district. Among the permitted uses in this district are: "1. Agricultural including sale of farm produce * * * 8. Commercial horse farms and riding academies." In May of 1975 petitioner hired an employee to work from 7:00 P.M. to 7:00 A.M., seven days per week, to provide some security for the stock and equipment on the site and to perform such other duties as might be designated. The Mobile Home Ordinance of the Town of Chatham permits the owner of a farm, upon the issuance of a license, to set up not more than two mobile homes to be occupied by "full time farm workers employed by the owner" in accordance with specific restrictions as to lot size, location and other conditions. Although petitioner secured a mobile home to be placed on its premises for the use of this employee which concededly complied with all such restrictions, the respondent town board, after a hearing, sustained the denial of a license to it solely on the ground

that the proposed occupant of the mobile home was not a full-time "farm" worker. It is quite clear that respondent's decision is founded upon a determination that petitioner does not operate a "farm" within the meaning of the town zoning ordinance. In our view, this conclusion is plainly erroneous and lacks a rational basis. The zoning ordinance in question by its very terms and the inclusion of definitions set forth in other State publications, demonstrates a clear intent to include petitioner's operation within the contemplated farm enterprises; that is, the breeding of horses (Town of Chatham Zoning Ordinance; Agriculture and Markets Law, § 301, subds 3, 4). Accordingly, since petitioner has in all respects complied with requirements of the zoning and associated mobile home ordinance to obtain the necessary license, it is the duty of the town building inspector to issue it *(Matter of Highland Brooks Apts. v White,* 40 AD2d 178; 2 Rathkopf, Law of Zoning and Planning [3d ed], p 55-3). Judgment reversed, on the law and the facts, with costs, and petition granted. Greenblott, J. P., Kane, Main, Herlihy and Reynolds, JJ., concur.