# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**987**

**TP 11-00759**

PRESENT: SMITH, J.P., CENTRA, CARNI, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF DANIEL A. LITTLE AND HELEN
LITTLE, PETITIONERS,

V                                    MEMORANDUM AND ORDER

TOWN OF FABIUS ZONING BOARD OF APPEALS,
RESPONDENT.

---

CARDINALE & DELVECCHIO LAW FIRM, PLLC, CORTLAND (JOHN A. DELVECCHIO OF
COUNSEL), FOR PETITIONERS.

DIRK J. OUDEMOOL, SYRACUSE, FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Anthony J. Paris, J.], entered April 1, 2011) to review a determination of respondent. The determination upheld the issuance of a certain certificate of compliance for mobile home occupancy.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioners, the owners of real property in the Town of Fabius (Town), commenced this CPLR article 78 proceeding challenging the determination, issued following a public hearing, that upheld the Town Zoning Officer's 2010 issuance of a certificate of compliance for occupancy of a mobile home by tenants named in a lease agreement with the owners of neighboring property (owners). In 1993 respondent had issued a special permit to the owners for the placement of the mobile home on their property for the use of a full-time agricultural employee. As a preliminary matter, we agree with petitioners that this proceeding was improperly transferred to this Court inasmuch as petitioners do not challenge a determination made as a result of an evidentiary hearing directed by law (*see* CPLR 7803 [4]; 7804 [g]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770-771, *lv dismissed* 6 NY3d 890, *lv denied* 7 NY3d 708). Nevertheless, we review petitioners' contentions in the interest of judicial economy (*see Matter of W.K.J. Young Group v Zoning Bd. of Appeals of Vil. of Lancaster*, 16 AD3d 1021).

"A determination of a zoning board made after a public hearing should be sustained if it has a rational basis and is supported by evidence in the record" (*Matter of Haberman v Zoning Bd. of Appeals of*

*Town of E. Hampton*, 85 AD3d 1170, 1171).  Pursuant to article VI, section 15 (C) (5) (a) of the Town's Zoning Law, the owners were permitted to maintain a mobile home on their property as long as it was "used as a dwelling by employees of an active farm operation." "Under a zoning ordinance which authorizes interpretation of its requirements by the board of appeals, specific application of a term of the ordinance to a particular property is . . . governed by the board's interpretation, unless unreasonable or irrational" (*Matter of Frishman v Schmidt*, 61 NY2d 823, 825).  Here, respondent's determination that the property at issue was an "active farm operation" and that the tenants occupying the mobile home were "employees" of that operation is not unreasonable or irrational (*cf. Matter of Kinderhill Farm Breeding Assoc. v Walker*, 54 AD2d 811, *affd* 42 NY2d 919).

Contrary to petitioners' contentions, moreover, respondent adequately explained the rationale for its determination and afforded petitioners an opportunity to be heard at the September 2010 public hearing on their appeal challenging the Town Zoning Officer's issuance of the certificate of compliance for occupancy.  Although the notice for respondent's subsequent hearing in December 2010 stated that members of the public would be permitted to be heard, that statement was made in error inasmuch as the record of the September hearing expressly provides that this matter was "concluded" at the September hearing.  Thus, at the December hearing, "[a]ll that arguably remained was a vote on the matter and petitioners were not entitled to be heard further" (*Matter of Litz v Town Bd. of Guilderland*, 197 AD2d 825, 827).  Finally, contrary to the contention of petitioners, respondent's answer was not deficient (*see* CPLR 7804 [d]).

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court