Matter of Kotary v Town of Floyd Zoning Bd. of Appeals

2026 NY Slip Op 02521

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF JEFFREY KOTARY, PETITIONER,

v

TOWN OF FLOYD ZONING BOARD OF APPEALS AND TIM BEJIAN, TOWN OF FLOYD ZONING BOARD OF APPEALS CHAIRPERSON, RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

151 TP 25-01360

Present: Whalen, P.J., Lindley, Curran, Smith, And Delconte, JJ.

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (MO ATHARI OF COUNSEL), FOR PETITIONER.

FESTINE NELSON LLP, UTICA (KATHRYN M. FESTINE OF COUNSEL), FOR RESPONDENTS.

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [William F. Ramseier, J.], entered August 7, 2025) to review a determination of respondent Town of Floyd Zoning Board of Appeals. The determination denied the application of petitioner for three variances.

[*1]

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, the owner of real property in the Town of Floyd (Town), commenced this CPLR article 78 proceeding seeking to annul the determination of respondent Town of Floyd Zoning Board of Appeals (ZBA) denying his application for three variances in connection with his proposed construction of a vehicle maintenance and storage unit facility on his property. We confirm the determination and dismiss the petition.

In 2019, petitioner sought and received a special use permit to construct storage units and a vehicle service garage on the property, a .95-acre parcel located in the Town. Petitioner thereafter received zoning approval to place a shipping container on the property to serve as a storage unit. Subsequently, he purchased a second shipping container to install on the property. Petitioner did not request or receive any zoning approval before installing the second container on the site.

Between the approval of the first shipping container and petitioner's installation of the second one, the Town passed a shipping container law, which, as relevant here, permits the use of shipping containers on a property only as an accessory use and limits the density of shipping containers to one container per acre, with no containers permitted on property of less than one acre. Thus, after petitioner installed the second container, the zoning code enforcement officer informed him that only the first shipping container was lawfully present on the property.

In an attempt to avoid the limitations imposed by the Town's shipping container law, petitioner applied for a building permit to erect a wooden storage building (barn) that would incorporate both shipping containers in its structure. Petitioner began construction of the barn without having received a building permit, and there is no indication that a building permit was ever issued. Petitioner subsequently applied for a zoning permit to approve construction of the barn. That application was denied by the zoning code enforcement officer, who directed petitioner to seek variances from the ZBA with respect to the second shipping container. Based on the presence of two shipping containers on the property, in violation of the shipping container law, petitioner was issued a notice of violation by the zoning code enforcement officer.

Following additional discussions with the ZBA, among others, petitioner again applied for a zoning permit with respect to the construction of the barn. As relevant here, petitioner sought four variances from the ZBA with respect to his construction of the barn and the incorporation into its structure of the two shipping containers. Specifically, he requested variances (1) allowing the proposed structure to exceed the maximum allowable height by five feet, (2) allowing a reduction of the required setback from an adjacent state highway from 100 feet to 70 feet, (3) allowing the second shipping container to function as a proper accessory structure, and (4) allowing a second shipping container to be used on a property of less than one acre. Meanwhile, pursuant to General Municipal Law § 239-m, petitioner's project was referred to the Oneida County Planning Department, which ultimately disapproved the project, noting, among other things, that petitioner was seeking substantial variances that were the result of what appeared to be "self-created hardships" and that there were alternative available solutions that would not require variances. The Planning Board of the Town of Floyd also reviewed petitioner's application and similarly recommended that it be denied.

Following a public hearing, the ZBA applied the balancing test provided for in Town Law § 267-b (3) (b) and thereafter granted petitioner's request for a height variance and denied his application for the remaining variances. Petitioner commenced this proceeding seeking to annul the ZBA's determination with respect to the denied variances. Supreme Court transferred the matter to this Court. As a preliminary matter, we agree with respondents that this proceeding was improperly transferred to this Court inasmuch as petitioner does not challenge a determination made as a result of an evidentiary hearing directed by law (see CPLR 7803 [4]; 7804 [g]; Matter of Erie County Sheriff's Police Benevolent Assn., Inc. v County of Erie, 159 AD3d 1561, 1561 [4th Dept 2018]; Matter of Little v Town of Fabius Zoning Bd. of Appeals, 87 AD3d 1363, 1364 [4th Dept 2011]). Nevertheless, we review petitioner's contentions in the interest of judicial economy (see Little, 87 AD3d at 1364; Matter of W.K.J. Young Group v Zoning Bd. of Appeals of Vil. of Lancaster, 16 AD3d 1021, 1021 [4th Dept 2005]).

We conclude that petitioner's challenge to the ZBA's determination to deny three of the variances is without merit. A ZBA is afforded broad discretion in determining whether to grant or deny variances, and our review is limited to whether its determination was illegal, arbitrary, or an abuse of discretion (see Matter of Conway v Town of Irondequoit Zoning Bd. of Appeals, 38 AD3d 1279, 1280 [4th Dept 2007]). Where there is substantial evidence in the record to support the rationality of the ZBA's determination, the determination should be affirmed upon judicial review (see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2 [1995]; Matter of Expressview Dev., Inc. v Town of Gates Zoning Bd. of Appeals, 147 AD3d 1427, 1428-1429 [4th Dept 2017]).

Pursuant to Town Law § 267-b (3), when determining whether to grant a variance, the ZBA must weigh "the benefit of the grant to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted" (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612 [2004]; see Matter of Freck v Town of Porter, 158 AD3d 1163, 1165 [4th Dept 2018], lv denied 32 NY3d 903 [2018]; Matter of Mimassi v Town of Whitestown Zoning Bd. of Appeals, 124 AD3d 1329, 1330 [4th Dept 2015]) and must consider "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created"

(§ 267-b [3] [b]; see Matter of Qing Dong v Mammina, 84 AD3d 820, 821 [2d Dept 2011]). Although the fifth factor "shall be relevant to the decision of the [zoning] board of appeals, [it] shall not necessarily preclude the granting of the area variance" (§ 267-b [3] [b]). A zoning board of appeals is "not required to justify its determination with supporting evidence with respect to each of the five factors, so long as its ultimate determination balancing the relevant considerations [is] rational" (Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals, 43 AD3d 926, 929 [2d Dept 2007]; see Matter of Feinberg-Smith Assoc., Inc. v Town of Vestal Zoning Bd. of Appeals, 167 AD3d 1350, 1352 [3d Dept 2018]).

Here, we conclude that the ZBA "rendered its determination after considering the [*2]appropriate factors and properly weighing the benefit to petitioner against the detriment to the health, safety and welfare of the neighborhood or community" if the variances were granted (Matter of DeGroote v Town of Greece Bd. of Zoning Appeals, 35 AD3d 1177, 1178 [4th Dept 2006]; see Sasso, 86 NY2d at 382). Further, although the ZBA did not articulate its findings, its determination to deny the variances was supported by a rational basis (see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 93 [2001]; Matter of Gasparino v Town of Brighton Zoning Bd. of Appeals, 199 AD3d 1351, 1353 [4th Dept 2021]; see generally Matter of Kaye v Zoning Bd. of Appeals of the Vil. of N. Haven, 185 AD3d 820, 821 [2d Dept 2020]). The record demonstrates that the ZBA considered the five statutory factors, focusing particularly on safety considerations, the availability of feasible alternatives to the requested variances, and whether the alleged difficulty that gave rise to the need for variances was self-created (see Gasparino, 199 AD3d at 1353). Critically, we note that petitioner's need for variances with respect to the use of the second shipping container was almost entirely self-created and that feasible alternatives existed inasmuch as petitioner could have constructed a barn without incorporating the shipping containers into the structure, which would have obviated the need for some of the requested variances. Indeed, the record establishes that petitioner installed the second shipping container after the Town enacted the law prohibiting its installation and that petitioner began constructing the barn before he obtained the necessary approvals (see generally Matter of Christian Airmen, Inc. v Town of Newstead Zoning Bd. of Appeals, 115 AD3d 1319, 1321 [4th Dept 2014]; Matter of Carrier v Town of Palmyra Zoning Bd. of Appeals, 30 AD3d 1036, 1036-1038 [4th Dept 2006], lv denied 8 NY3d 807 [2007]). Thus, it was rational for the ZBA to conclude, in denying the variances, that petitioner sought to circumvent his violation of the shipping container law by building a barn that incorporated the two containers into its structure, which petitioner did not need to do. To the extent that there may be substantial evidence in the record to support the rationality of a contrary determination with respect to the requested variances, we note that we may not substitute our own judgment for that of the ZBA (see Matter of Socha v Town of Starkey, 239 AD3d 1298, 1302 [4th Dept 2025]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court